## No. 9132.

### BOOKSH AND GAY vs. JOHN A. DARDENNE ET AL.

Act 104 of 1882 and Act 88 of 1880, which is amended, refer not only to levees kept by the State, but also to district or parish levees kept otherwise, which are designed to protect the public from overflows from the Mississippi river.

Police juries have the right to make such regulations, not already provided for by law, as may be necessary to carry out fully the provisions of the statutes on the subject, subordinate to the disapproval of the Board of State Engineers, whose authority, in case of conflict, must prevail.

A party who has not obtained the prescribed permission of the police jury, or, who having obtained it, has not paid the required license, has no right to cut such levees and place and use flumes therein for the purpose of irrigating his fields.

APPEAL from the Twenty-third District Court, Parish of Iberville. Pope, J.

David N. Barrow for Plaintiffs and Appellants.

E. B. Talbot for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an injunction suit to prevent the closing of flumes by the police jury, to the use and enjoyment of which the plaintiffs claim to be entitled to irrigate their fields.

Booksh and Gay vs. Dardenne.

The district judge states the facts and the law of the case in the following language:

" Booksh and Gay, the plaintiffs, cultivated in rice their plantation situate on Bayou Grosse Tête, within the Fordoche and Bayou Grosse Tête special levee district, and for the purpose of irrigating their fields have cut the public levee running along the bank of Bayou Grosse Tête and placed therein two flumes without previously paying into the parish treasury, according to law, the license due since the year 1880.

"John A. Dardenne, president of the police jury, and Peoria Halliday, inspector, being about to close their flumes in default of payment of the license, the plaintiffs have enjoined them, for the reason that the Act of the Legislature, No. 88, passed during the session of 1880, has no reference whatever to the special levee district above named and only affected levees made by the State; and admitting that it did, these officers could not forfeit petitioners' rights without recourse to judicial proceedings."

The title of Act 88 reads: "An Act to provide for the protection and preservation of completed public levees," etc. Section 5 of said act provides: " That no person shall be permitted to insert in any public levee kept up by the State, or any special levee, district or parish, any flumes or piping to be used for flushing rice fields, or other purposes, *unless* upon written application of the owner of the land he shall have obtained the consent of the police jury where the levee may be located, to permit him to make use of said flumes or piping."

This section includes and refers to all public levees kept by the State, special levees, district or parish, and its terms appear to the Court sufficiently clear.

The levee cut is kept by the Fordoche and Bayou Grosse Tête special levee district and is intended to protect the public from overflow from the Mississippi River.

The other grounds appear untenable.

Have plaintiffs any right or interest in the flumes to be closed?

Section 6 of said act provides: " That in addition to conditions prescribed in the preceding section, the party applying for permission to cut the levee and place therein flumes or piping, shall pay previously into the parish treasury an annual license," etc.

So that, according to these two sections cited, there are two conditions precedent to plaintiffs having any right to these flumes:

1. That they have the permission of the police jury.

2. That they have paid the required license.

It appears by the pleadings and admission of parties, that the latter condition has never been complied with. Hence, the Court is of opinion that Act 88 of 1880, does include and embrace the Fordoche and Bayou Grosse Tête special levee district and that plaintiffs have no right or interest in the flumes in question until they pay into the treasury of the parish of Iberville the amount of the license due by them.

We have examined Act 104 of 1882, p. 156, which proposes to amend Act 88 of 1880, and consider that both, in their titles and provisions, refer, not only to levees kept by the State, but also to district or parish levees kept otherwise, which are designed to protect the public from overflows; and that police juries have the right to make such regulations, not already provided for by law, as may be necessary to carry out fully the provisions of the Statutes on the subject, subordinate to the disapproval of the Board of State Engineers, whose authority in cases of conflict shall prevail.

For these reasons the plaintiffs have no right to complain.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, with costs.